

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE LEE,                    § | |
|     Plaintiff,        § | |
| § | |
| vs.                                          § | Civil Action No.: 3:21-4137-MGL |
| § | |
| MARCUS DORSEY, RED ROOF INNS, INC., § | |
| and WHG SU COLUMBIA, LLC,  § | |
|     Defendants.   § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING HOTEL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dominique Lee (Lee) filed a complaint against Defendants Red Roof Inns, Inc., WHG SU Columbia, LLC (collectively, Hotel Defendants), and Marcus Dorcey. Based on the parties' filings, it appears the proper spelling is Marcus Dorsey. The Court will therefore use that spelling and refer to him as Dorsey in this order. The Clerk's Office is directed to amend the caption accordingly.

Lee's complaint alleges state law causes of action of assault and battery of a sexual nature and intentional infliction of emotional distress against Dorsey and negligent hiring, retention, and supervision as well as respondeat superior/vicarious liability against Hotel Defendants.

This matter is before the Court for review of the Report recommending the Court grant Hotel Defendants' motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 26, 2023. Lee objected on February 9, 2023, and Hotel Defendants replied on February 23, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets forth a thorough recitation of the facts of this case, which the Court will repeat only to the extent necessary to its analysis in this order.

Lee, a guest at Hotel Defendants' hotel, accuses Dorsey, a temporary rotating manager, of sexually assaulting him after asking him to step into the office to discuss his outstanding balance.

As an initial matter, Lee refers in his objections to the fact that Dorsey has admitted several facts due to his failure to respond to Lee's requests for admission. But, Dorsey's admissions fail to bind Hotel Defendants. *See, e.g.*, *Use and Effect of Admissions*, 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.) (explaining an admission of a party fails to bind a co-party).

The Court will therefore refrain from considering the admissions for the purposes of this order adjudicating Hotel Defendants' motion. It now turns to Lee's objections.

First, Lee insists Hotel Defendants had actual knowledge of Dorsey's misconduct. The Hotel Defendants contend Lee's evidence was untimely produced, and, in any event, fails to show actual knowledge.

Lee attaches to his objections the deposition of Ingra Taylor-Quarles (Taylor-Quarles), which was taken in the related case, *Williams v. Dorsey*, 3:22-cv-01330-MGL (D.S.C. 2022). This deposition was taken on February 2, 2023, after the Report was issued but before Lee filed objections. Taylor-Quarles worked in human resources for Hotel Defendants during the relevant time period.

In Taylor-Quarles's deposition, she describes a report made against Dorsey by Patrick Holden (Holden), another employee of Hotel Defendants, for an "inappropriate comment[.]" Taylor-Quarles Deposition at 12:2. Holden alleged he had asked Dorsey to bring him shoes back from his vacation, and Dorsey retorted that he buys gifts only for his sexual partners.

Lee interprets Taylor-Quarles description of Holden's complaint as claiming that Dorsey told him he would have to allow Dorsey to perform oral sex on him before he would purchase the gift. The Court disagrees with this interpretation. *See, e.g., id.* at 12:10–14 ("Supposedly Mr. Holden asked for him to bring something back, and supposedly Mr. Dorcey's remark was, I only buy gifts for people I suck their penis for, some kind of comment like that.").

The evidence indicates that Holden's report involved an inappropriate comment made by Dorsey, rather than any complaint of sexual assault. *See id.* at 32:23–33:5 (explaining that Taylor-Quarles interpreted Holden's report to be for an inappropriate comment, rather than sexual assault or sexual harassment).

The Court thus determines that any notice of misconduct by Dorsey arising from Holden's report failed to render Lee's harm foreseeable. *See Doe v. ATC, Inc.*, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005) ("Our review of negligent hiring and retention cases from other jurisdictions leads us to conclude that such cases generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.").

In other words, Lee's harm is different than Holden's allegations. *See id.* ("From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused.").

Therefore, the Court holds that this additional evidence would fail to change its determination in this case. Accordingly, it need not decide whether it is properly presented at this stage of this case. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). The Court will thus overrule this objection.

Second, Lee argues the evidence suggests Hotel Defendants should have known about Dorsey's "propensity for misconduct[.]" Objections at 2 (emphasis omitted). Hotel Defendants maintain Lee asks the Court to make a *res ipsa loquitur* argument that is improper under South Carolina law.

Hotel Defendants characterize Lee's argument as "Dorsey was doing all sorts of bad things, and because he was able to do all these bad things, the [Hotel Defendants] must have been negligently supervising him." Reply at 6; *see also Graham v. Town of Latta, S.C.*, 789 S.E.2d 71, 82 (S.C. Ct. App. 2016) (explaining that South Carolina fails to recognize the doctrine of *res ipsa loquitor*, the principle that in certain cases the occurrence of an accident implies negligence; instead, "[i]n an action for negligence, the plaintiff must prove by direct or circumstantial evidence that the defendant did not exercise reasonable care.").

The Court will quibble with this characterization only to add that Lee contends that others knew about Dorsey's bad acts, which he argues means Hotel Defendants should have known as

4

well. In other words, Lee implicitly argues that Dorsey's misconduct was an open secret that Hotel Defendants should have known about.

But, that two employees—one manager-in-training and one housekeeper—knew about Dorsey's behavior fails to mean that Hotel Defendants should have known. There is no evidence those employees reported the behavior to management or law enforcement. Moreover, there is no evidence the observed misbehavior would have placed Hotel Defendants on notice of a danger that Dorsey would commit sexual assault. And, as the Magistrate Judge pointed out, Angelita Peete, the manager-in-training upon whose affidavit Lee relies, fails to specify any dates in her affidavit. Thus, there is no evidence she knew about Dorsey's misconduct before the incident with Lee.

Lee fails to create a genuine issue of material fact that Hotel Defendants should have known about Dorsey's behavior. The Court will thus overrule this objection, as well.

Third, Lee posits evidence of systemic oversight problems creates a genuine issue of material fact as to negligent supervision. Hotel Defendants argue Lee raises irrelevant evidence of Hotel Defendants' post-incident investigation.

Lee proffers evidence that Hotel Defendants failed to investigate Lee's claims of sexual assault against Dorsey because human resources believed it was the responsibility of the general managers, and the general managers believed it was the responsibility of human resources. This confusion appears to stem from Taylor-Quarles's understanding that human resources was unresponsible for complaints involving guests.

Even if Hotel Defendants could have handled the investigation more gracefully, however, Lee fails to present any evidence any systemic issues hid Dorsey's misconduct before the incident with Lee in this case.

5

As such, the Court is unable to construe constructive notice because of any failure to investigate. The Court will therefore also overrule this objection.

Fourth, Lee speculates that because Dorsey maintains "a special position of privilege and power over third parties[,]" Hotel Defendants "should face a higher duty to guests and third persons for the actions of their manager." Objections at 5. Hotel Defendants counter that Lee provides no support for this argument.

Lee's prescriptive argument about a heightened standard for businesses such as hotels finds no basis in case law. The Magistrate Judge applied the proper standard of liability in her analysis. The Court will thus overrule this objection, too.

Fifth, Lee maintains Dorsey committed the assault within the scope of his employment. Hotel Defendants avouch that South Carolina case law establishes that sexual assaults are outside the scope of employment.

As the Magistrate Judge aptly explained, Hotel Defendants are correct. Under South Carolina law, sexual assaults fail to give rise to vicarious liability. *See, e.g.*, *Doe v. S.C. State Budget & Control Bd.*, 494 S.E.2d 469, 473 (S.C. Ct. App. 1997) (holding "no cogent argument can be made" that a police officer was furthering his employer's business by sexually assaulting suspects).

For these reasons, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Hotel Defendants' motion for summary judgment is **GRANTED**. Hotel Defendants' pending motion *in limine* is accordingly **DEEMED AS MOOT**. All that remains in this matter are Lee's claims against Dorsey.

**IT IS SO ORDERED.**

Signed this 15th day of June 2023, in Columbia, South Carolina.

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE