

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DOMINIQUE LEE,<br>　　　　Plaintiff,<br><br>vs.<br><br>MARCUS DORSEY,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No.: 3:21-4137-MGL<br> |

### ORDER VACATING DEFENDANT'S ANSWER
### AND DIRECTING CLERK'S OFFICE TO FILE AN ENTRY OF DEFAULT

　　The Court previously warned Defendant Marcus Dorsey (Dorsey) that continued failure to comply with the Court's orders may result in the Court vacating his answer and directing the Clerk's Office to file an entry of default for failure to participate in this case.

　　Despite multiple opportunities, Dorsey has failed to show cause why the Court should refrain from imposing such sanctions. Because he has repeatedly refused to participate in this case, such that it is as if he never appeared at all, the Court determines vacating his answer and directing an entry of default is warranted here. *See Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968) ("It is well established that the district court has the authority to . . . enter default judgment . . . for failure to . . . comply with its orders or rules of procedure. . . . [T]he power is one inherent in the courts in the interest of the orderly administration of justice." (footnote omitted) (internal quotation marks omitted)).

　　Upon entry of default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus

established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). But, "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover." *Id*.

"The second step is the subsequent entry of default *judgment*," which may be done in one of two ways. *Fidrych*, 952 F.3d at 130. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," then the clerk may enter judgment on the defendant's default. Fed. R. Civ. P. 55(b)(1). If the plaintiff's claim is not for a sum certain, however, then it must be done by the Court. *See* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.").

Because "a default is not treated as an absolute confession by defendant of his liability and of the plaintiff's right to recover," the Court must, upon request for default judgment, "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in this action." *Ryan*, 253 F.3d at 780 (citations omitted).

Accordingly, it is the judgment of the Court Dorsey's answer is hereby **VACATED**. The Clerk's Office shall file an entry of default against him. No later than **thirty days from the date of this order**, Plaintiff Dominique Lee (Lee) shall request default judgment and submit a proposed order or reply to this order explaining why he does not intend to do so.

The Clerk's Office is directed to send this order to Dorsey via regular mail to the address Lee has provided as belonging to Dorsey, 1975 Penny Lane, Winston-Salem, NC 27127, as well as the address on file.

**IT IS SO ORDERED.**

Signed this 1st day of November 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.